# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

NANCY R. MURRAY,           )
                           )
      Plaintiff,     )
                           )
v.                         )  No. 05 C 1229
                           )
                           )
GMAC MORTGAGE CORPORATION, )
                           )
      Defendant.     )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Nancy R. Murray's ("Murray") motion for class certification. For the reasons stated below, we deny the motion for class certification.

## BACKGROUND

Murray filed for bankruptcy in early 2004. Murray alleges that after she filed for bankruptcy, she received a promotional flyer ("Flyer") in the mail notifying her that, subject to certain conditions, she had been pre-approved for a loan based on the equity in her home by Defendant GMAC Mortgage Corporation ("GMAC"), which was doing business as Ditech.com. Murray contends that the Flyer did not contain a firm offer of credit and that GMAC unlawfully assessed her credit report.

Murray brought the instant action alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.* Plaintiffs now seek class certification.

## LEGAL STANDARD

A plaintiff seeking class certification must first satisfy the requirements of Federal Rule of Civil Procedure 23(a) ("Rule 23(a)"). Rule 23(a) provides the following: "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). Failure by a plaintiff to satisfy any one of the above requirements in Rule 23(a) precludes a court from granting the certification of a class. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). If a plaintiff is able to satisfy all of the requirements of Rule 23(a), the district court must then determine whether a plaintiff's action can be maintained as a class action by meeting one of the requirements of Federal Rule of Civil Procedure 23(b)("Rule 23(b)"). *See Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2001)(explaining Rule 23(b)). In order to determine whether a class should be certified, a court may make any "factual and legal inquiries . . . necessary under Rule 23." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). A court need not accept a

plaintiff's assertions as conclusive, but may receive any evidence necessary to make a decision on class certification. *See id.* (explaining why the court accepts a complaint's factual allegations when ruling on motions to dismiss under Rule 12(b)(6) but does not when ruling on class certification motions under Rule 23).

## DISCUSSION

In the instant action, GMAC concedes that the numerosity prong is satisfied and that there are at least some common issues of fact and law among class members. GMAC also acknowledges that the typicality prong is satisfied. However, GMAC argues vehemently in its answer to the motion for class certification that the court cannot grant the motion because Murray has not satisfied the adequate representation prong of Rule 23(a) or the requirements of Rule 23(b).

### I. Adequacy of Representation Prong

Murray argues that her counsel can adequately represent the class. In order to show that a named plaintiff's counsel would fairly and adequately represent the interests of the class members: "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977).

Murray's interests are antagonistic to other class members' interests because

Murray may desire to settle her claim alone. Murray might be able to recover more funds individually with fewer complications if she settled individually. However, there is no indication that her counsel, who are in such a rush to obtain a class settlement, have considered such matters.

Murray has also not shown her counsel to have any particular expertise in class actions and has not shown that her counsel is able to competently represent the class or its interests. Murray's counsel's conduct in this action draws into question whether counsel will look out for the proposed class members' interests. Murray's counsel filed a motion before the court seeking to withdraw Murray's motion for an extension of discovery, to strike all deadlines, and to advise the court that the parties were finalizing a class settlement. We denied the motion as improper since the court had not yet ruled on Murray's motion for class certification and thus a class settlement was premature. When the court inquired at a status hearing on November 2, 2005, whether Murray's counsel had even attempted to settle Murray's claim by itself since she was currently the only Plaintiff in this action, GMAC's counsel responded that no such effort was made by Murray's counsel and that the only settlement proposals made by her counsel were for a class settlement. It seems unlikely that Murray's counsel will look out for the interests of an entire class when counsel is so determined to get a class settlement (and the substantial attorneys fees that go with such a settlement) that counsel has not considered the individual interests of Murray.

Also, in the complaint Murray only seeks recovery for technical violations of the FCRA on behalf of the proposed class. The fact that Murray has neglected to seek a recovery for any possible actual damages suffered by any of the proposed class members shows that Murray's counsel is not looking out for the class members' interests. Likewise, Murray's counsel chose to pursue only a willful violation claim and did not pursue a negligence-based claim on behalf of any proposed class members. This also shows a lack of concern for the potential class members' interests. There may be proposed class members that have suffered actual damages and have been subjected to negligent conduct by GMAC whose rights will not be vindicated in the proposed class action. Perhaps such an additional request for actual damages and an additional claim could have hindered Murray's counsel's plans to obtain a quick and easy class settlement without the need for actually putting in any real effort representing the proposed class members in this action. We also note that, according to GMAC, Murray, her spouse, and their children are in fact professional plaintiffs. GMAC claims that Murray, her spouse, and their children are participants in more than fifty assorted suits seeking compensation for technical violations of the FCRA which are all being handled by the same law firm. Murray does not deny this fact in her reply. This is also an indication that Murray and her counsel are merely seeking the "quick buck" from a class settlement and are not truly interested in vindicating any of the rights of the proposed class members. Therefore, since we find that Murray's counsel is not competent to be the class

representative and has not shown that counsel will protect the proposed class members' interests, we conclude that Murray has not satisfied the adequacy of representation prong.

## II. Rule 23(b) Requirement

Murray claims that she satisfies the requirements of Rule 23(b)(3). (Mem. 10-11). Federal Rule of Civil Procedure 23(b)(3) provides the following:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: . . .
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3). In the instant action, a class action is not "superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* A class action would do nothing more than award a windfall to Murray's counsel. Murray is not seeking damages for herself or the proposed class members for any actual damages and is solely seeking to recover statutory damages for technical

violations of the FCRA. Thus, neither Murray nor the potential class members will be asserting that they suffered any damages due to GMAC's violations of the FCRA. If the court were to certify a class and the proposed class settlement occurs, GMAC will lose a significant amount of money, each individual class member will get a pittance, and Murray's counsel will receive a handsome sum. Murray attempts to minimize the potential recovery by the proposed class by claiming that she has "defin[ed] a relative[ly] modest class." (Mem. 5). However, this statement appears to be misleading because Murray has not adequately contested GMAC's estimation that the proposed class could contain as many as 1.2 million individuals. If Murray and the proposed class members were to prevail at trial, GMAC would face a potential liability in the billions of dollars for purely technical violations of the FCRA that did not cause any actual damages. Such a result would merely promote professional plaintiffs and the class action law firms that consider class action suits a profitable enterprise, rather than treating class actions as a vehicle to vindicate class members' rights. Rule 23 is not intended to encourage such abuses of the class action mechanism. *See In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. 328, 351 (N.D. Ill. 2002)(stating that "[a]lthough certification should not be denied solely because of the possible financial impact it would have on a defendant, consideration of the financial impact is proper when based on the disproportionality of a damage award that has little relation to the harm actually suffered by the class, and on the due process concerns attended upon such an impact"). Therefore, we conclude that

a class action is not a superior method for resolving the proposed class members' claims.

## CONCLUSION

Based on the foregoing analysis, we deny Murray's motion for class certification.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 8, 2005