

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NANCY R. MURRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 1229 |
| GMAC MORTGAGE CORPORATION, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Nancy R. Murray's ("Murray") motion to reconsider this court's ruling on November 8, 2005, denying Murray's motion for class certification. For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

Murray filed for bankruptcy in early 2004. Murray alleges that after she filed for bankruptcy, she received a promotional flyer ("Flyer") in the mail notifying her that, subject to certain conditions, she had been pre-approved for a loan based on the equity in her home by Defendant GMAC Mortgage Corporation ("GMAC"), which was doing business as Ditech.com. Murray contends that the Flyer did not

contain a firm offer of credit and that GMAC unlawfully assessed her credit report. Murray brought the instant action alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.* On November 8, 2005, we denied Murray's motion for class certification and Murray now requests that the court reconsider that ruling.

## LEGAL STANDARD

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Such motions cannot be used as a "vehicle to produce new evidence that could have been" produced earlier, or as a vehicle to "rehash[]" the same arguments presented to the court on a prior occasion. *Id.*

## DISCUSSION

In her motion for reconsideration, Murray criticizes the court's ruling on many levels. Murray contends that the court does not understand the law. She also contends that the court overlooked facts and evidence, improperly characterized Murray's conduct and her counsel's conduct, failed to follow Seventh Circuit precedent, and made factual conclusions without sufficient support. We disagree.

In our prior opinion, we denied the motion for class certification, in part because Murray did not show that her counsel would adequately represent the

interests of the proposed class members. All the facts showed that the main concern of Murray's counsel was to obtain a quick and easy class settlement without the need to put in any actual work on behalf of the proposed class members. Murray has presented no new evidence or facts that calls the court's determination into doubt. Instead, Murray's motion for reconsideration displays an irritation by Murray and her counsel that they cannot engage in business as usual and get a rubber stamp by the court on the proposed class settlement so that they can move onto their next venture.

Murray asserts in her motion that her counsel has "diligently and conscientiously considered the needs of the class." (Recon. 1). However, Murray must do more than offer such self-serving conclusory statements to show that the court committed manifest error in its prior ruling. Murray cites Seventh Circuit precedent that indicates that a class action is a good mechanism to consolidate many small claims that would otherwise not be economically feasible to pursue. While Murray recognizes the correct Seventh Circuit precedent, Murray fails to recognize that precedent does not apply to a case such as this where the proposed class counsel views the class action as nothing more than a cash cow with little regard for the rights of the class members. Based upon the briefs filed and oral representations and mannerisms in court by the parties in this action, we are convinced that such is the case before us.

Murray also continues to improperly bombard the court with the same arguments in her motion for reconsideration that have been presented to the court in

her prior motion. She continues to try and convince the court to accept the proposed class settlement and touts the benefits of the settlement to all. However, the clear reason behind Murray's persistence and her continued requests for an approval of the class settlement is discretely tucked away in subpart (e) of paragraph 3 of her motion for reconsideration which mentions in a vague and passing fashion that "attorneys' fees" can be "applied for out of the fund." (Recon. 3). No doubt Murray's counsel at the law firm of Edelman, Combs, Latturner & Goodwin, LLC stand to gain quite a sum by this class settlement before any work will actually need to be performed on behalf of the proposed class members.

Murray criticizes the court for denying the motion for a class settlement "without even allowing the parties to present the particulars of the settlement." (Recon. 4). Such reasoning is entirely flawed, for as Murray herself acknowledges, if the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") are not met, then a class is not appropriate. (Recon. 3). Having found that the requirements of Rule 23 are not met in this case, Murray's "sales pitch" to the court as to why everybody would benefit from the proposed class settlement was quite irrelevant and the court properly refused to let Murray's counsel waste the court's time putting on their presentation for the court.

Murray argues that the court erred in concluding that it needed to determine if a class was appropriate before approving the class settlement. Noticeably absent from the motion for reconsideration is any reference to the Seventh Circuit precedent

that Murray claims in the first page of her motion that the court disregarded. In fact, no precedent is cited by Murray after her assertion. (Recon. 3). Murray acknowledges that, even though there is a proposed class settlement, the court must ensure that all the requirements of Rule 23 are met. (Recon. 3). Even a cursory reading of our prior ruling would have revealed to Murray that whether or not the requirements of Rule 23 were met in the instant action was precisely the analysis that the court engaged in throughout its opinion. Murray argues that in another district court case a court proceeded differently than this court and that in the other case the court had the sense not to make a big deal about class certification since certification was uncontested. Such case law is not controlling precedent and simply because another district court dealt with a proposed class settlement in another matter in a different fashion does not render this court's course of action improper.

Murray also claims that the court's prior opinion "contains factual inaccuracies." (Recon. 4). Yet, Murray does not back up her conclusory statement. In the court's prior ruling the court stated that "Murray has also not shown her counsel to have any particular expertise in class actions and has not shown that her counsel is able to competently represent the class or its interests." (11/8/05 OP 4). Murray claims that her counsel has extensive experience in prosecuting class action and Murray states sarcastically that "[a]pparently, the opinion overlooked this." (Recon. 5). The court reviewed every document filed by Murray, but simply was not as impressed with the qualifications presented as Murray and her counsel appear to

be. Murray's counsel has handled class actions before which is not surprising considering the business that Murray and her family members have brought to her counsel. As we indicated in our prior ruling, Murray's counsel may have experience, but there is not sufficient facts that indicate that Murray's counsel has any expertise in diligently representing the interests of class members in other actions rather than abusing the class action mechanism. Murray argues that her counsel has obtained other class settlements in the past. That certainly is not one of the facts "overlooked" by the court. The rush to a class settlement for a quick buck and the failure to adequately consider the interests of class members is precisely the concern that has been raised in the instant action. Murray's counsel may well have settled other class actions, but there are no facts indicating that her counsel was able to diligently pursue the actions to trial if necessary to vindicate the interests of all class members.

Murray next argues that the court erred in finding that her counsel should have avoided bringing a class action and instead sought "solely to secure an enhanced settlement for the named plaintiff." (Recon. 5). Notably absent in Murray's motion is any citation to the court's prior ruling where the court used the words "enhanced settlement." That is because the court never used those words or any words to that effect. The court did state that Murray "might be able to recover more funds individually with fewer complications if she settled individually." (11/8/05 OP 4). This statement indicated that Murray might be able to recover what

is fair and just for her claims and no more. Nothing in the statement by the court indicates that Murray could recover an "enhanced settlement." The reality of the situation is that if GMAC settled on a class basis, due to the large amount being paid out and the additional expenses, such as for dealing with the many disbursements and class counsel attorneys' fees, Murray might recover less than she might receive as a fair and just settlement on her claim alone. Thus, Murray inaccurately portrays the court's prior ruling and it is Murray's motion for reconsideration rather than the court's prior ruling that contains factual inaccuracies.

Murray next argues that if counsel had to immediately accept a settlement for a single plaintiff then every defendant would offer such a settlement in order to preclude a class action. Murray, however, is making a giant leap in her logic when she mirrors the instant action with all other civil actions. In certain cases with different facts, a class action may be an appropriate mechanism, but in the instant action, based upon the facts and Murray's and her counsel's course of conduct we determined that a class action would not be appropriate. A similar action may not be mandated in other cases with different facts and parties.

Murray next argues that the court erred in stating that her counsel should have considered whether or not the proposed class members would desire to recover for actual damages. Murray provides only three sentences for this argument, one of the sentences being the conclusory statement that "[t]his is wrong." (Recon. 15). Murray makes a passing reference to case law that indicates that actual damages can

sometimes be difficult to quantify, but Murray fails to explain how she considered the class members' interests in regards to actual damages or why such damages could not be quantified in the instant action. Murray does not contend that actual damages are never recoverable.

Murray also takes issue with the court's reference to a statement made by GMAC in its opposition to the motion for class certification that Murray, her husband, and her children have, through the same law firm pursued over 50 lawsuits for technical violations of the FCRA. We merely mentioned GMAC's statement in passing in our prior ruling, but since Murray has made an issue of it in her motion for reconsideration we shall address the issue further. In the instant motion for reconsideration, Murray indignantly disagrees with the fifty lawsuit figure. First of all, Murray failed to properly dispute the figure in her reply for the motion for class certification and thus her arguments that could have been raised are untimely and improper for the motion for reconsideration. Second, Murray's contention in the instant motion is that she is merely a plaintiff in nine such cases and her husband is a plaintiff in a total of seven cases for a total of sixteen cases does not counter the court's reference to GMAC's statement in the prior opinion. Murray apparently believes that the involvement of her family and her counsel in sixteen FCRA cases vindicates her, but whether it is fifty cases or sixteen cases, Murray's status as a professional plaintiff according to GMAC remains the same. Finally, Murray's motion for reconsideration does not even fully address the issues mentioned in the

court's prior ruling. In our ruling we noted that, according to GMAC over fifty cases were filed by Murray, her husband, and her children. Conveniently absent from Murray's motion for reconsideration is any reference to lawsuits being pursued by her children or other family members.

Finally, Murray argues that she merely happens to be the plaintiff that initiated the instant action on behalf of the poor class members. Murray asks the court in a maudlin fashion "[i]s a poor person whose home is repeatedly broken into because she has to live in a poor neighborhood prohibited from seeking compensation each time she is harmed" and state that "[j]ustice cannot be so limited[?]" (Recon. 9). As noble as are the phrases employed by Murray and her counsel, we do not find the instant action to be as noble. We note that although Murray makes reference to her fight for the disenfranchised class members living in "poor neighborhood[s]" there is not even a statement indicating that Murray is one of those poor souls. The instant action has no connection with such noble principles and the court's ruling denying the motion for class certification was based on the evidence presented. Therefore, we deny Murray's motion for reconsideration.

## CONCLUSION

Based on the foregoing analysis, we deny Murray's motion for reconsideration.

  Samuel Der-Yeghiayan
  United States District Court Judge

Dated: November 15, 2005